FILED
2026 Sep-14 PM 05:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
9:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | |
|---|---|
| **ANTHONY T. LEE, et al.,**<br><br>**Plaintiffs,**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Plaintiff-Intervenors, and Amicus Curiae,**<br><br>**NATIONAL EDUCATION ASSOCIATION,**<br><br>**Plaintiff-Intervenor,**<br><br>**v.**<br><br>**MACON COUNTY BOARD OF EDUCATION, et al. (Marion County Board of Education),**<br><br>**Defendants.** | **CIVIL ACTION NO. 70-251-S** |

## JOINT MOTION FOR DISMISSAL WITH PREJUDICE

Plaintiff the United States of America ("the United States") and Defendant the State of Alabama respectfully submit this joint Motion for Dismissal of this action with prejudice as to Defendant Marion County Board of Education and respectfully request that the Court enter the Order appended hereto. In support, the United States and the State of Alabama state as follows:

**Procedural History**

1. The Plaintiffs, several Alabama school children, filed the original complaint in this case in January 1963. The Defendants eventually included the State of Alabama, officials of the State, and 90 public school districts including the Marion County Board of Education. The United States joined as a Plaintiff-intervenor on July 16, 1963. The National Education Association also joined as a Plaintiff-intervenor, although it has not been active with regard to the Marion County Board of Education for over 30 years. The Plaintiffs alleged that Defendants operated racially dual systems of public education in violation of the Fourteenth Amendment and Title IV of the Civil Rights Act of 1964. U.S. Const. amend. XIV; 42 U.S.C. § 2000-6.

2. On March 22, 1967, the Court entered a detailed regulatory injunction requiring each school district to establish a fully desegregated school system in compliance with *Brown v. Board of Education*, 437 U.S. 483 (1954).

3. On February 21, 1975, the Court dissolved the regulatory injunction for several school districts, including the Marion County Board of Education, and replaced it with an Order ("1975 Order"). A copy of the 1975 Order is attached as Exhibit "A." The 1975 Order states that the Marion County Board of Education "ha[s] been operating a unitary school system for the past three years, and that all

litigation pertaining to compliance with the orders of the Court have been satisfactorily resolved." Ex. A. at 1.

4. The 1975 Order placed this case with respect to the Marion County Board of Education (and other districts) on the Court's inactive docket. *Id.* at 3.

5. Since the 1975 Order, and for 51 years since, the Marion County Board of Education has complied in good faith and ran a desegregated school system in accordance with paragraph 2(a-e) of the 1975 Order. Because of that, no further litigation has occurred between the Plaintiffs, the Plaintiff-intervenor United States, or any other Party to this case and the Marion County Board of Education and no further proceedings under paragraph 3 of the consent order have been necessary.

6. Other than the United States, the other Plaintiffs abandoned this case as it pertains to the Marion County Board of Education decades ago. The individual student Plaintiffs from the original 1963 case have long since graduated, and no motion for substitution of parties was filed under Federal Rules of Civil Procedure Rule 25(c) with respect to the Plaintiffs' complaints against the Marion County Board of Education. The United States is unaware of any contact between the original Plaintiffs' counsel and the Marion County Board of Education.

7. Plaintiff-intervenor National Education Association is a teachers' union, but it did not ever have any bargaining units at Marion County Schools. It has not made any filings in this case in decades.

8. Other than the United States, the other Plaintiffs abandoned this case as it pertains to the Marion County Board of Education decades ago.

9. In August 2026, The United States contacted the current counsel for the Marion County Board of Education, and he was not responsive.

**Motion to Dismiss**

10. Table 1, below, shows the racial breakdown of students in Marion County Schools for the 1968-1969 school year before the United States' desegregation efforts were fully implemented, approximated to the nearest percent:

| School | Grades | Black Students | White Students |
|---|---|---|---|
| Ada Hanna Elementary School | 1-6 | 100% | 0% |
| Brilliant Elementary School | 1-6 | 0% | 100% |
| Buttahatchee School | 1-9 | 0% | 100% |
| Byrd Elementary School | 1-6 | 0% | 100% |
| Craft Elementary School | 1-6 | 0% | 100% |
| Gravel Springs School | 1-9 | 0% | 100% |
| Guin Elementary School | 1-6 | 9% | 91% |
| Hackleburg High School | 1-12 | 0% | 100% |
| Hamilton Elementary School | 1-6 | 0% | 100% |
| Phillips High School | 1-12 | 0% | 100% |

| | | | |
|---|---|---|---|
| Shiloh Elementary School | 1-6 | 0% | 100% |
| Brilliant High School | 7-12 | 0% | 100% |
| Hamilton High School | 7-12 | 6% | 94% |
| Marion County High School | 7-12 | 7% | 93% |
| **District-wide Total:** | | **3%** | **97%** |

11. During segregation, many black students in Marion County attended the Ada Hanna School. The Ada Hanna School closed in 1969, and the building is no longer used.

12. Table 2, below, shows the racial breakdown of students in Marion County Schools in the 2025-2026 school year, approximated to the nearest percentage[1]:

| **School** | **Grades** | **Black** | **White** | **Hispanic** | **Other** |
|---|---|---|---|---|---|
| Hamilton Elementary School | PK-4 | 6% | 78% | 11% | 5% |
| Guin Elementary School | PK-6 | 10% | 81% | 3% | 6% |
| Hackleburg Elementary School | PK-6 | 1% | 91% | 4% | 4% |
| Phillips Elementary School | PK-6 | 0% | 94% | 5% | 1% |
| Brilliant Elementary School | PK-12 | 1% | 94% | 3% | 2% |
| Hamilton Middle School | 5-8 | 6% | 81% | 11% | 2% |
| Marion County High School | 7-12 | 7% | 83% | 6% | 4% |
| Phillips High School | 7-12 | 1% | 91% | 5% | 3% |
| Hackleburg High School | 7-12 | 1% | 88% | 6% | 5% |

[1] Niche, *Marion County Schools*, https://www.niche.com/k12/d/Marion-county-schools-al/ (last visited May 13, 2026). Niche sources its data primarily from U.S. Department of Education, the National Center for Education Statistics (NCES).

| | | | | | |
|---|---|---|---|---|---|
| Hamilton High School | 9-12 | 4% | 84% | 9% | 3% |
| **District-wide Total:** | | **4%** | **84%** | **8%** | **4%** |

13. As shown in Table 2, the Marion County Board of Education is running a desegregated system. Student assignment at each school corresponds to the racial make-up of the District-wide population, allowing for reasonable variation across Marion County's large land area. Marion County has a dispersed population clustered around a few towns, especially Bear Creek and Hackleburg in the county's northeast, Hamilton in the center, and Guin and Winfield City in the south. Winfield City has its own school system, and most of Marion County's black student population outside of Winfield City is located in Guin (the location of Marion County High School) and Hamilton.

14. Based on the analysis above regarding student racial composition and the long period of oversight, the United States concludes that desegregation has been achieved and compliance with the 1975 Order has been maintained. The United States is aware of no discrimination complaints over the past 20 years that have been reported to the Civil Rights Division and that concern Marion County Schools.

15. "From the very first, federal supervision of local school systems was intended as a temporary measure to remedy past discrimination." *Bd. of Educ. of Oklahoma City Pub. Schools v. Dowell*, 498 U.S. 237, 247 (1991). This is the case

partly because "[n]o single tradition in public education is more deeply rooted than local control over the operation of schools[,]" *Milliken v. Bradley*, 418 U.S. 717, 741 (1974), and also because it was never the purpose of the federal courts' desegregation jurisprudence to "condemn a school district, once governed by a board which intentionally discriminated, to judicial tutelage for the indefinite future." *Dowell*, 498 U.S. at 249.

16. When local school authorities have fully desegregated schools and demonstrated compliance with federal desegregation orders for an extended period, the court must return control over the school system to the local school authorities. *Id.*; *Lee v. Talladega Cnty. Bd. of Educ.*, 963 F.2d 1426, 1430 (11th Cir. 1992). "The way to stop discrimination on the basis of race is to stop discriminating on the basis of race." *Parents Involved v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 748 (2007) (plurality opinion); *accord Louisiana v. Callais*, 146 S. Ct. 1131, 1152 (2026) ("[T]he Constitution almost never permits [the government] to discriminate on the basis of race."); *SFFA v. Harvard*, 600 U.S. 181, 207 (2023).

17. Wherefore, the Parties jointly request this Court dissolve all remaining injunctions against the Defendants and dismiss this case with prejudice.

Respectfully submitted,

FOR DEFENDANT
THE STATE OF ALABAMA

By: s/ Katherine G. Robertson
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
(334) 242-7300
Katherine.Robertson@AlabamaAG.gov

STEVE MARSHALL
ATTORNEY GENERAL

KATHERINE G. ROBERTSON
CHIEF COUNSEL TO THE ATTORNEY GENERAL

A. BARRETT BOWDRE
SOLICITOR GENERAL

ROBERT M. OVERING
PRINCIPAL DEPUTY SOLICITOR GENERAL

FOR PLAINTIFF
UNITED STATES OF AMERICA

HARMEET K. DHILLON
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
U.S. DEPARTMENT OF JUSTICE

By: s/ Benjamin H. Ogilvie
BENJAMIN H. OGILVIE
District of Columbia Bar No. 90039742
Counsel
PETER M. FEAMAN
Senior Counsel
Florida Bar No. 260347
Educational Opportunities Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
(202) 322-8375
benjamin.ogilvie@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 9, 2026, the foregoing was electronically submitted to the Clerk of the Court. I further certify that on September 9, 2026, I electronically served the foregoing upon counsel of record below for Marion County Board of Education:

Matthew LeDuke
Lowe Mobley Lowe & LeDuke
P.O. Box 819
Hamilton, AL 35570
(205) 921-5296
matt@lowemobleylowe.com

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
(334) 242-7300
Katherine.Robertson@AlabamaAG.gov

By: *s/ Benjamin H. Ogilvie*
Benjamin H. Ogilvie

Logged 3/3/75

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

~~EASTERN~~ SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. LEE, et al., Plaintiffs, UNITED STATES OF AMERICA, Plaintiff-Intervenors, and Amicus Curiae, NATIONAL EDUCATION ASSOCIATION, Plaintiff-Intervenors, v. MACON COUNTY BOARD OF EDUCATION et al., Defendants. | ) | CIVIL ACTION NO. 70-251-S<br><br>ORDER |

FILED IN CLERK'S OFFICE
NORTHERN DISTRICT OF ALABAMA
FEB 21 1975
WILLIAM E. DAVIS
CLERK, U. S. DISTRICT COURT
BY: DEPUTY CLERK

It having been shown to the satisfaction of this Court that certain defendant school systems have been operating a unitary school system for the past three years, and that, all litigation pertaining to compliance with the orders of the Court have been satisfactorily resolved, this Court, deeming it proper so to do, HEREBY ORDERS, ADJUDGES AND DECREES that:

1. The detailed regulatory injunctions issued by this Court and by the United States District Court for the Middle District of Alabama as against the following school systems, the individual board members and the superintendents thereof, are dissolved

Carbon Hill City
Fayette County
Franklin County
Lamar County
Marion County
Muscle Shoals City
Russellville City
Tuscumbia City
Winston County
Winfield City

RECEIVED
FEB
U. S. ATTORNEY

and the permanent injunction in paragraph 2, below substituted.

2. The above-named defendant school district, the individual board members and the superintendents thereof, are permanently enjoined from operating a dual system of racially identifiable schools. In addition, operation of the above-named defendant school districts shall be subject to the following provisions:

a. Defendants shall take no action which tends to segregate or otherwise discriminate against students or faculty by or within school on the basis of race, color, or national origin.

b. Staff members who work directly with children, and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated without regard to race, color, or national origin.

c. Bus routes and the assignment of students to buses will be designed to ensure the transportation of all eligible pupils on a nonsegregated and otherwise nondiscriminatory basis.

d. All school construction, school consolidation and site selection (including the location of any temporary classrooms) in the system shall be done in a manner which will prevent the reoccurrence of the dual school structure.

e. If the school district grants transfers to students living in the district for their attendance at public schools outside the district, or if it permits transfers into the district of students who live outside the district, it shall do so on a nondiscriminatory basis, except that it shall not consent to transfers where the cumulative effect will reduce desegregation in either district.

3. The actions pertaining to the above-named districts are hereby placed on the inactive docket of this Court subject to being re-activated on proper application by any party, or on the Court's motion, should it appear that further proceedings are necessary.

The provisions of previous orders in this case as they relate to other defendants not named in paragraph 1, above, remain in full force and effect and are in no way affected by this order.

DONE this 19th day of February, 1975.

[signature]

UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY T. LEE, et al.,**<br><br>**Plaintiffs,**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Plaintiff-Intervenors, and Amicus Curiae,**<br><br>**NATIONAL EDUCATION ASSOCIATION,**<br><br>**Plaintiff-Intervenor,**<br><br>**v.**<br><br>**MACON COUNTY BOARD OF EDUCATION, et al. (Marion County Board of Education),**<br><br>**Defendants.** | s | **CIVIL ACTION NO. 70-251-S** |

**ORDER**

This Court has considered Plaintiff the United States of America and Defendant the State of Alabama's joint Motion to Dismiss with Prejudice filed on September 9, 2026.

Accordingly, it is hereby ORDERED and ADJUDGED that:

1. The Motion to Dismiss with Prejudice is GRANTED.

2. The Court has determined that the Marion County Board of Education has achieved unitary status.

3. The Court's jurisdiction over this matter is terminated, and the case is hereby DISMISSED WITH PREJUDICE as to the Defendant, the Marion County Board of Education.

4. All prior injunctions and orders entered in this case are DISSOLVED.

5. The Clerk shall enter judgment stating, "This case is DISMISSED with prejudice as to the Marion County Board of Education," and close the file.

SO ORDERED on ___________________.

_______________________________
UNITED STATES DISTRICT JUDGE

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

FILED
2026 SEP 11 A 9:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**I. (a) PLAINTIFFS**
ANTHONY T. LEE ET AL
UNITED STATES OF AMERICA

**DEFENDANTS**
MACON COUNTY BOARD OF EDUCATION ET AL
(MARION COUNTY SCHOOLS)

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant MARION
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BENJAMIN OGILVIE
950 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20530

Attorneys *(If Known)*
MATTHEW LEDUKE
Lowe Mobley Lowe & LeDuke
P.O. Box 819

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [X] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [X] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 21
Brief description of cause:
School desegregation

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE Madeline Hughes Haikala DOCKET NUMBER 2:17-mc-00680-MHH

DATE
9/9/2026

SIGNATURE OF ATTORNEY OF RECORD
Benjamin H. Ogilvie

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE